**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>  Plaintiff,<br>vs.<br><br>CSAA INSURANCE GROUP,<br><br>  Defendant. | Case No. 2:20-cv-01558-RFB-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |

Before the Court is pro se plaintiff Lakshmi Arunachalam's application to proceed *in forma pauperis* (ECF No. 1). Arunachalam's in forma pauperis application is denied.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit, however, conflicts with the facts that she presents in her proposed complaint (See ECF No. 1-2).

Plaintiff wants to bring a patent infringement case against a single insurance company: she alleges in her proposed complaint that she has a PhD in electrical engineering and that she owns eleven patents. (ECF No. 1-2 at 2). Plaintiff does not indicate in her affidavit if she receives any wages (she leaves that section blank). (ECF No. 1 at 1). In plaintiff's proposed complaint she alleges that she has

multiple intellectual licensing agreements for her patents, "with Fortune 500 companies, Bank of America, Capital One, Barclays Bank, UBS, M&T Bank, Sovereign Bank, Walmart, TD Bank, Ally Bank, [and] All State Insurance, to name a few." (ECF No. 1-2 at 3). In the section of the sworn affidavit regarding "other income" plaintiff does not list any of the income she receives from these licensing agreements. (ECF No. 1 at 1). In the section of the sworn affidavit regarding property that she owns, she does not list any of her intellectual property (her patents) but lists only that she owns a Mercedes Benz. (ECF No. 1 at 2). These factual conflicts between plaintiff's sworn affidavit and her proposed complaint supports a finding that plaintiff's sworn affidavit is evasive and incomplete. Plaintiff's application to proceed informa pauperis is denied. Plaintiff has until October 30, 2020 to pay the filing fee in this case.

ACCORDINGLY,

IT IS ORDERED that Arunachalam's application to proceed in forma pauperis (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Arunachalam has until Friday, October 30, 2020 to pay the filing fee. Failure to timely pay the filing fee may result in a recommendation for dismissal with prejudice.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2)

failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 16th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE