# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAKSHMI ARUNACHALAM, | Case No. 2:20-cv-01558-RFB-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION FOR RECONSIDERATION (EFC NO. 7) |
| CSAA INSURANCE GROUP, | |
| Defendant. | |

Before the Court is pro se plaintiff Dr. Lakshmi Arunachalam's motion for reconsideration. (ECF No. 7). The Court considers plaintiff's arguments but denies the motion.

On October 16, 2020, the Court denied plaintiff's application for leave to proceed in forma pauperis. (ECF No. 6). The Court noted that, "[i]n plaintiff's proposed [patent infringement] complaint she alleges that she has multiple intellectual licensing agreements for her patents, 'with Fortune 500 companies, Bank of America, Capital One, Barclays Bank, UBS, M&T Bank, Sovereign Bank, Walmart, TD Bank, Ally Bank, [and] All State Insurance, to name a few.'" (*Id*. at 2, citing to ECF No. 1-2 at 3). The Court found that, "[i]n the section of the sworn affidavit regarding property that she owns, she does not list any of her intellectual property (her patents) but lists only that she owns a Mercedes Benz." (ECF No. 6 at 2).

Dr. Arunachalam argues in her motion for reconsideration that although she owns all the patents in dispute, that she does not receive recurring royalties for any of the multiple patent license agreements she notes in her complaint. (ECF No. 7 at 1). Plaintiff alleges that she is self-represented in over 100

cases, she alleges that courts have dismissed her cases sua sponte, and that, "she has been denied her day in Court in over 100 cases without a hearing in the greatest abuse of process by the Courts, Judges and Clerks of the Courts[.]"[1]  Plaintiff argues that of her 100 cases, that she has never listed her patents as assets in any of her IFP applications. (*Id*.) Plaintiff does not wish to update her IFP application and include her patents as assets or list the value of her intellectual property assets. (*Id*.)

A federal litigant who cannot afford to pay court fees may proceed in forma pauperis, which means that she may commence a civil action or appeal a civil judgment without prepaying fees or paying certain expenses. *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761, 191 L. Ed. 2d 803 (2015) (citing 28 U.S.C. § 1915). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

Plaintiff alleges she owns multiple patents in her complaint.[2] Assets include both real[3] and intellectual property: plaintiff's patents are assets. Yet plaintiff swears, under penalty of perjury, that her only asset is a Mercedes-Benz. Either Dr. Arunachalam's patents are worthless (which would support a

---

[1] Plaintiff admits that she is self-represented in over 100 cases and that courts across the country have dismissed her cases. At least one court has deemed Dr. Arunachalam's conduct to be vexatious. See *Arunachalam v. IBM*, Civil Action No. 16-281-RGA, 2019 U.S. Dist. LEXIS 51482, at 9 (D. Del. Mar. 27, 2019) (Ordering Dr. Arunachalam to pay sanctions based on her "vexatious conduct" in litigation and finding that her patent infringement complaint was, "not even close to stating a colorable complaint.")

[2] (Only the patent owner and any successors in title to the patent may bring suit for patent infringement (35 U.S.C. § 281; see *Propat Int'l Corp. v. RPost, Inc*., 473 F.3d 1187, 1189 (Fed. Cir. 2007)).

[3] Plaintiff also omits ownership of her home in Menlo Park, California, and its value as an asset, as she does not list any obligation to pay rent or a mortgage payment.

finding that her complaint for patent infringement is frivolous) or plaintiff omitted multiple assets and their values from her IFP application. Dr. Arunachalam's admission that she omitted a listing of her patents as assets in other IFP applications does not help her argument because it suggests that she has engaged in a pattern of omitting her assets and their value in IFP applications. Plaintiff's blatant omissions, paired with her refusal to submit an updated IFP application that includes a full accounting of her assets, indicates a disregard towards the penalty of perjury and the privilege of proceeding in forma pauperis. Plaintiff's motion to reconsider this Court's denial of her in forma pauperis application is denied. The Court sua sponte extends plaintiff's deadline to pay the filing fee by two weeks from this order.

ACCORDINGLY,

IT IS ORDERED that Dr. Arunachalam's motion for reconsideration to proceed in forma pauperis (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Dr. Arunachalam has until Friday, November 20, 2020 to pay the filing fee. Failure to timely pay the filing fee may result in a recommendation for dismissal with prejudice.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

3

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 6th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE