# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>　　　　　　Plaintiff,<br>vs.<br>CSAA INSURANCE GROUP,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-01558-RFB-VCF<br><br>**Report and Recommendation to Administratively Close Case**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) |

The Court previously denied pro se plaintiff Lakshmi Arunachalam's application to proceed in forma pauperis (ECF No. 1) because there were numerous factual conflicts between plaintiff's sworn affidavit and her proposed one-billion-dollar patent infringement complaint: the Court found that these factual conflicts supported a finding that plaintiff's sworn affidavit is evasive and incomplete. The Court ordered that plaintiff had until October 30, 2020 to pay the filing fee and that, "Failure to timely pay the filing fee may result in a recommendation for dismissal with prejudice." (ECF No. 6 at 2). The Court also extended her deadline to pay the filing fee until November 20, 2020 on reconsideration. (ECF No. 8). Plaintiff filed an appeal to the Ninth Circuit (ECF No. 9): On May 11, 2021, this Court issued its mandate that her appeal had been dismissed. (ECF No. 16). Plaintiff has not to date paid the filing fee. The Court now recommends that this case be admiratively closed because plaintiff has failed to pay the filing fee.

**I.  Discussion**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."  The Ninth Circuit has recognized that "there is no formula set

forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).

"Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443- 44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). If the court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The Court found in its previous order that plaintiff's application to proceed in forma pauperis affidavit conflicts with the facts that she presented in her proposed complaint because (1) she alleged under penalty of perjury that she is unable to pay the costs of these proceedings because she has **no assets** (except a Mercedes-Benz) BUT (2) in her patent infringement complaint she alleges that she owns eleven patents and has multiple intellectual licensing agreements for her patents, "with Fortune

2

500 companies, Bank of America, Capital One, Barclays Bank, UBS, M&T Bank, Sovereign Bank, Walmart, TD Bank, Ally Bank, [and] All State Insurance, to name a few." (ECF No. 6). The Court found that she should have listed her intellectual property (her patents) as assets given that the purpose of her lawsuit is over the value of her patents (i.e. her assets). (*Id*.)

Instead of filing a new informa pauperis application that lists her patents as assets, she argued on reconsideration that over 100 other courts[1] have never required her to list her patents as assets on an IFP form and she refuses to do so now: the Court found that, "her previous omissions did not help her argument because it suggests that she has engaged in a pattern of omitting her assets and their value in IFP applications." (ECF No. 8 at 2). The Court also found that plaintiff omitted ownership of her home in Menlo Park, California as an asset as she lists her home address on the application without listing its value or any obligation to make mortgage payments (or rent payments). (*Id*.)

The Court found that the factual allegations in her complaint regarding the patents she owns and their value conflict with her sworn declaration under penalty of perjury that her only asset in the world is a Mercedes-Benz. (ECF No. 8). The Court noted that assets include both real and intellectual property and found that her patents were also assets. (*Id*.). The Court found that, plaintiff's, "blatant omissions, paired with her refusal to submit an updated IFP application that includes a full accounting of her assets, indicates a disregard towards the penalty of perjury and the privilege of proceeding in forma pauperis." *Id.* Since plaintiff has misrepresented her assets to the Court in a sworn declaration and refuses to correct her misrepresentation, this is sufficient grounds for denying her in forma pauperis application. The Court

---

[1] Plaintiff admits that she is self-represented in over 100 cases and that courts across the country have dismissed her cases. At least one court has deemed Dr. Arunachalam's conduct to be vexatious. See *Arunachalam v. IBM*, Civil Action No. 16-281-RGA, 2019 U.S. Dist. LEXIS 51482, at 9 (D. Del. Mar. 27, 2019) (Ordering Dr. Arunachalam to pay sanctions based on her "vexatious conduct" in litigation and finding that her patent infringement complaint was, "not even close to stating a colorable complaint.")

now recommends that this case be administratively closed since plaintiff has not complied with any of the Court's orders and her appeal to the Ninth Circuit has now been dismissed. Plaintiff will not be prejudiced because she may file an objection to this report and recommendation.

ACCORDINGLY,

IT IS RECOMMENDED that this action be administratively CLOSED.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 21st day of May 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4