UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>CSAA INSURANCE GROUP,<br><br>Defendant. | Case No. 2:20-cv-01558-RFB-MDC<br><br>**ORDER** |

    Before the Court for consideration is the Report and Recommendation (ECF No. 17) of the Honorable Cam Ferenbach, United States Magistrate Judge, entered on May 21, 2021. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by June 4, 2021. Plaintiff Arunachalam filed an Objection on June 3, 2021. ECF No. 18. Without leave of the Court, Plaintiff filed an additional untimely objection on June 7, 2021. ECF No. 19.

    The Magistrate Judge's Report and Recommendation recommends the action be administratively closed. The Magistrate Judge previously denied Plaintiff Arunachalam's application to proceed *in forma pauperis* because there were numerous conflicts between Plaintiff's IFP application and the facts that she presented in her complaint; namely Plaintiff's

alleged ownership of eleven patents and multiple intellectual licensing agreements associated with those patents. The Court ordered Plaintiff to pay the filing fee by October 30, 2020, and warned Plaintiff that a failure to do so may result in dismissal with prejudice. The Court then extended the deadline to November 20, 2020, on reconsideration. Plaintiff filed an appeal to the Ninth Circuit. On May 11, 2021, the Court issued its mandate that her appeal had been dismissed. To date, Plaintiff has not paid the filing fee.

In Plaintiff's timely objection, filed June 3, 2021, Plaintiff argues that the Court has made false statements regarding Plaintiff's assets and has "disparately denied her right to sue." Plaintiff requests the Court to allow her to submit a new IFP application listing the patents as her assets, or in the alternative, provide Plaintiff with an extended deadline for paying the filing fee.

The Cout has reviewed the record in this case and finds that the Magistrate Judge properly denied Plaintiff's IFP application. "Pursuant to 28 U.S.C. § 1915(a), a plaintiff may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015). "A plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" Id. (quoting United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). "It is within the court's discretion to make a factual inquiry and to deny [an application] where the [plaintiff] is unable, or unwilling, to verify their poverty." McQuade, 647 F.2d at 940.

Here, Plaintiff declared under penalty of perjury that she is unable to pay the costs of these proceedings and listed her only asset as a Mercedez Benz; however, Plaintiff's complaint in this matter asserts that she owns several patents and multiple licensing agreements associated with those patents. None of these assets, or the income derived from such assets, were listed in her IFP application. In her motion for reconsideration, Plaintiff maintained that she is the "inventor and assignee of 11 patents," but refused to correct her application or pay the application fee. Plaintiff also noted that she has self-represented herself in over 100 cases in district courts, courts of appeals, and the Supreme Court. Plaintiff asserted that she has never been required to list her patents in any of her other IFP motions. In light of the foregoing, the Magistrate Judge properly denied Plaintiff's IFP application because Plaintiff's application appeared evasive, and she was

unable and unwilling to verify her poverty.

However, the Court declines to adopt the Magistrate Judge's recommendation that the case be administratively closed. Because Plaintiff asserts that she will either list the assets in her IFP application or pay the full filing fee, the Court will provide Plaintiff with a limited opportunity to do so. Plaintiff shall have until **May 22, 2024** to file a corrected application to proceed *in forma pauperis* or pay the filing fee. Failure to do so will result in dismissal of the matter with prejudice.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 17) is **ACCEPTED** and **ADOPTED in part.** The Court adopts the findings and reasoning of the Report and Recommendation; however, the Court declines to administratively close the case at this time.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 22, 2024** to file a corrected application to proceed *in forma pauperis* or pay the full filing fee. Failure to do so will result in dismissal of the matter with prejudice.

**DATED:** April 22, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**